UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| ALICIA RIGGS, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>JOHN JEFF HULL, )<br>17909 Bradbe Road )<br>Fisherville, KY 40023 )<br>)<br>AND )<br>)<br>BECKY D. HULL, )<br>17909 Bradbe Road )<br>Fisherville, KY 40023 )<br>)<br>AND )<br>)<br>JEFBEK, INC. d/b/a JB Business Group, )<br>Aabana's Secrets, AAA Aabana's, Above )<br>All Escorts, and Cheetah's Escorts )<br>)<br>SERVE: )<br>Becky D. Hull, Registered Agent )<br>17909 Bradbe Road )<br>Fisherville, KY 40023 )<br>)<br>   Defendants. ) | Case No. 3:13-cv-1230-S |

## COMPLAINT

Plaintiff Alicia Riggs, by counsel, states as follows for her Complaint against Defendants John Hull ("Mr. Hull"), Rebecca Hull ("Mrs. Hull") (collectively, the "Hulls Defendants"), and Jefbek, Inc. d/b/a JB Business Group, Aabana's Secrets, AAA Aabana's, Above All Escorts, and Cheetah's Escorts (collectively, "Defendants").

**Parties**

1. Plaintiff is a resident of Jefferson County, Kentucky.

2. Defendant John Jeff Hull is, upon information and belief, a resident of Jefferson County, Kentucky and, according to the Kentucky Secretary of State, an officer of Defendant Jefbek, Inc.

3. Defendant Becky D. Hull is, upon information and belief, a resident of Jefferson County, Kentucky and, according to the Kentucky Secretary of State, and officer of Defendant Jefbeck, Inc.

4. Defendant Jefbek, Inc. d/b/a JB Business Group, Aabana's Secrets, AAA Aabana's, Above All Escorts, and Cheetah's Escorts is, according to the Kentucky Secretary of State, a Kentucky corporation in bad standing with its principal place of business 17909 Bradbe Road, Fisherville, KY 40023.

**Jurisdiction And Venue**

5. The claims asserted herein arise predominantly from numerous statutes of the United States, including the Trafficking Victims Protection Reauthorization Act of 2003, 22 U.S.C. § 7101 *et seq.* Accordingly, the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

6. The Defendants reside in Kentucky, or are incorporated in Kentucky, and regularly transact business in Kentucky. Accordingly, this Court has jurisdiction over the person of Defendants. Further, a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Court's district. Accordingly, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## The Nature and Scope of the Crime
## of Trafficking of Persons

7. The Victims of Trafficking and Violence Protection Act of 2000, 22 U.S.C. § 7101 *et seq*. was enacted effective October 28, 2000 and reauthorized by the Trafficking Victims Protection Reauthorization Act of 2003, effective December 19, 2003, and the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, effective December 23, 2008. The stated purposes of the Act included "combat[ting] trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children." 22 U.S.C. § 7101(a).

8. The Act reflects the following findings, *inter alia*, of Congress:

- The sex industry has rapidly expanded over the past several decades. It involves sexual exploitation of persons, predominantly women and girls, involving activities related to prostitution, pornography, sex tourism, and other commercial sexual services.

- Trafficking in persons is a growing transnational crime that includes forced labor and involves significant violations of labor, public health, and human rights standards worldwide.

- Traffickers primarily target women and girls.

- Force used against victims includes imprisonment, threats, psychological abuse and coercion.

- Involuntary servitude statues are intended to reach cases in which persons are held in a condition of servitude through nonviolent coercion.

- The United States Declaration of Independence states that all men are created equal and that they are endowed by their Creator with certain unalienable rights. The right to be free from slavery and involuntary servitude is among those unalienable rights. Current practices of trafficking of women are similarly abhorrent to the principles upon which the United States was founded.

22 U.S.C. § 7101(b).

**Facts**

9. The Hulls Defendants owned and operated Jefbek, Inc. which is in the business of providing escort services in Louisville, Kentucky under the many assumed names as set forth above.

10. Defendants' escort services engaged in the business of, among other things, promoting prostitution.

11. From approximately January 1, 2013, until her escape on or about February 4, 2013, Plaintiff was confined to and harbored in the Hulls Defendants' residence in Fisherville, Kentucky

12. Throughout the aforementioned time period, Defendants used force, fraud, or coercion to cause Plaintiff to remain in the residence and engage in prostitution against her will. Defendants did so utilizing a variety of methods including but not limited to the following: telling Plaintiff that if she did not engage in prostitution they would contact Child Protective Services and prevent her from obtaining visitation and/or custody of her child; causing Plaintiff to believe that if she left the house she would be arrested; interfering with Plaintiff's ability to complete certain legal obligations; limiting Plaintiff's contact with the outside world; and limiting Plaintiff's access to a telephone and monitoring all her telephone conversations.

13. Defendants also routinely transported Plaintiff to a number of places to engage in paid sexual acts with their clients.

14. During the entirety of her captivity by the Defendants, Defendants benefitted financially from Plaintiff's prostitution. Upon information and belief, the Hulls Defendants engaged in such activities in furtherance of Jefbek, Inc.

15. On or about February 4, 2013, in order to escape the Hulls Defendants' residence, Plaintiff cut her wrist so that emergency personnel would be called. Defendants were arrested for the actions set forth above.

16. In undertaking the conduct described herein, Defendants conspired with each other and with others who have yet to be identified.

17. Defendants' actions described herein constituted a scheme, plan or pattern intended to cause Plaintiff to believe that failure to remain in Defendants' custody would result in serious harm to or physical restraint against her and/or constituted the abuse and threatened abuse of the legal process.

18. Defendants' actions as set forth herein were intentional, willful and deliberate.

19. Defendants' conduct described herein was outrageous and intolerable, in that it offends against the generally accepted standard of decency and morality.

20. Defendants' conduct described herein caused and continues to cause Plaintiff severe emotional distress.

## Count I – Forced Labor

21. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

22. Defendants' conduct as described herein constitutes forced labor in violation of 18 U.S.C. § 1589, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

23. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

## Count II – Involuntary Servitude

24. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

25. Defendants' conduct as described constitutes involuntary servitude in violation of 18 U.S.C. § 1584, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

## Count III – Trafficking Into Forced Labor and/or Involuntary Servitude

27. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

28. Defendants' conduct constitutes trafficking into servitude in violation of 18 U.S.C. § 1590, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

29. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

## Count IV – Mandatory Restitution

30. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

31. Plaintiff is entitled to mandatory restitution for all losses incurred under 18 U.S.C. § 1593.

## **Count V – False Imprisonment**

32. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

33. Plaintiff was unlawfully detained by Defendants without a claim of justification, authority, or privilege.

34. Defendants detained Plaintiff by using actions that induced a reasonable apprehension that force would be used if Plaintiff did not submit to Defendants' authority.

35. Accordingly, Defendants' conduct constitutes false imprisonment of Plaintiff.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

## **Count VI - Negligence**

37. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

38. Defendants had a duty to exercise ordinary care to Plaintiff to prevent foreseeable injury.

39. Defendants' conduct breached that duty.

40. Accordingly, Defendants' conduct constitutes negligence.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

### Count VII – Intentional Infliction of Emotional Distress

42. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

43. Defendants' conduct as described above was extreme and outrageous, which intentionally or recklessly caused emotional distress to Plaintiff.

44. Accordingly, Defendants' conduct constitutes the common law tort of outrage, and/or intentional infliction of emotional distress.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

### PRAYER FOR RELIEF

Accordingly, Plaintiff Alicia Riggs respectfully demands the following relief:

1. an award of compensatory damages against Defendants, in an amount to be determined by the trier of fact, exclusive of interest and costs;

2. punitive damages against Defendants, in an amount to be determined by the trier of fact, exclusive of interest and costs;

3. restitution pursuant to 18 U.S.C. § 1593;

4. attorneys' fees and costs pursuant to 18 U.S.C. § 1595;

5. a jury trial on all issues so triable; and

6. any other relief to which she may be entitled.

Respectfully submitted,

/s/ Colin H. Lindsay
Colin H. Lindsay
Anthony M. Zelli
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
(502) 585-2207 (Facsimile)
colin.lindsay@dinsmore.com
anthony.zelli@dinsmore.com
*Counsel for Plaintiff Alicia Riggs*

1112085v1