UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALICIA RIGGS                                                                                           PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:13-CV-1230-CRS

JOHN JEFF HULL et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Alicia Riggs' motion for summary judgment. Defendants John Jeff Hull, Becky D. Hull, and Jefbek, Inc. (collectively, the "Defendants") do not oppose the motion. For the reasons stated below, the Court will grant in part Riggs' motion for summary judgment.

### Background

The following facts are unopposed. Defendants used force, fraud, or coercion to confine Plaintiff in their residence in Fisherville, Kentucky from approximately January 1, 2013 until she escaped on February 4, 2013. During this period, Defendants forced Plaintiff to engage in prostitution.

Riggs' filed this suit alleging forced labor, involuntary servitude, trafficking into forced labor and/or involuntary servitude, false imprisonment, mandatory restitution, negligence, and intentional infliction of emotional distress.

**Standard**

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**Discussion**

Under Fed. R. Civ. P. 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Defendants failed to timely respond to Plaintiff's request for admission. Under Rule 36, Plaintiff's requests for admission are admitted and conclusively established.

1. Forced Labor Claim

Under 18 U.S.C. § 1589(a), forced labor occurs when an individual:

2

> knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
>> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>> (2) by means of serious harm or threats of serious harm to that person or another person;
>> (3) by means of the abuse or threatened abuse of law or legal process; or
>> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint….

Under 18 U.S.C. § 1595(a):

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)….

Section 1589 falls under the relevant chapter. Under Rule 36, Defendants admitted each element of the forced labor claim. *See* Req. for Adm. Nos. 11 – 14. The Court will grant Plaintiff's summary judgment motion on the forced labor claim.

2. Involuntary Servitude Claim

Under 18 U.S.C. § 1584(a), involuntary servitude occurs when an individual "knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term." Involuntary servitude is defined as:

> a condition of servitude induced by means of – (A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or (B) the abuse or threatened abuse of the legal process.

22 U.S.C. § 7102(6). This section falls under Section 1595, which provides a victim a private right of action. Under Rule 36, Defendants admitted each element of the involuntary servitude claim. *See* Req. for Adm. Nos. 19 – 20. The Court will grant Plaintiff's summary judgment motion on the involuntary servitude claim.

3

3. Trafficking Claim

Under 18 U.S.C. § 1590(a), trafficking occurs when an individual "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter." Under Rule 36, Defendants admitted each element of the trafficking claim. *See* Req. for Adm. Nos. 3, 8, & 21. This section falls under Section 1595, which provides a victim a private right of action. The Court will grant Plaintiff's summary judgment motion on the trafficking claim.

4. Mandatory Restitution Claim

Under 18 U.S.C. § 1593(a), Congress has directed this Court to "order restitution for any offense under this chapter." Restitution is not a claim for relief; it is a remedy. Therefore, the Court will deny Plaintiff's summary judgment motion on the mandatory restitution claim.

5. False Imprisonment Claim

Under Kentucky law, the tort of false imprisonment requires Plaintiff "establish that she was detained and that the detention was unlawful." *Pennington v. Dollar Tree Stores, Inc.*, 28 F. App'x 482, 488 (6th Cir. 2002) (citing *Wal–Mart Stores, Inc. v. Mitchell*, 877 S.W.2d 616, 617 (Ky. Ct. App. 1994)). Under Rule 36, Defendants admitted each element of the false imprisonment claim. *See* Req. for Adm. Nos. 1 – 2. The Court will grant Plaintiff's summary judgment motion on the false imprisonment claim.

6. Negligence Claim

In Kentucky, every individual has a universal duty of care that imposes on each person "a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Dilts v. United Grp. Servs.*, LLC, 500 F. App'x 440, 447 (6th Cir. 2012) (quoting *Grayson Fraternal Order of Eagles v. Claywell*, 736 S.W.2d 328, 332 (Ky.1987)). Under Rule

36, Defendants admitted they used force, fraud, or coercion to confine Plaintiff within Defendants' residence and engage in prostitution. *See* Req. for Adm. Nos. 1 – 3. The Court will grant Plaintiff's summary judgment motion on the negligence claim.

7. Intentional Infliction of Emotional Distress Claim

Under Kentucky law, a plaintiff claiming an intentional infliction of emotional distress must establish that:

> (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was so outrageous and intolerable as to offend generally accepted standards of morality and decency; (3) there is a causal connection between the conduct and the emotional distress; and (4) the emotional distress has been severe.

*Ford v. Gen. Motors Corp.*, 305 F.3d 545, 555 (6th Cir. 2002) (citing *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 67 (Ky. 1996)). Under Rule 36, Defendants have admitted that the conduct was intentional. *See* Req. for Adm. Nos. 11 – 21. Defendants have also admitted to confining the Plaintiff against her will and forcing her into prostitution. This is sufficiently outrageous to satisfy the intentional infliction of emotional distress standard. Furthermore, based on Defendants' admission, the Court finds a sufficient causal connection between the conduct and emotional distress, and that these actions caused severe emotional distress. The Court will grant Plaintiff's summary judgment motion on the intentional infliction of emotional distress claim.

## Conclusion

For the reasons set forth above and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **GRANTS IN PART** Plaintiff Alicia Riggs' motion for summary judgment (DN 31) to the extent it pertains to her claims for forced labor, involuntary servitude, trafficking into forced labor and/or involuntary servitude, false imprisonment, negligence, and intentional infliction of emotional distress. The Court **DENIES**

**IN PART** Plaintiff Alicia Riggs' motion for summary judgment (DN 31) to the extent it pertains to her claim of mandatory restitution.

**IT IS SO ORDERED.**

February 23, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Counsel of Record
John Jeff Hull, pro se
Becky D. Hull, pro se